UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY KIMBROUGH aka ANSAR M. SHAKUR,<br><br>Plaintiff,<br><br>v.<br><br>H. MOSELEY,<br><br>Defendant. | Case No.: 22cv458-LL (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 10]** |

Corey Kimbrough, aka Ansar M. Shakur ("Plaintiff"), a California prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights after he was denied participation in a re-entry program. ECF No.1. Defendant H. Moseley filed the present motion to dismiss. ECF No. 10. Plaintiff did not file an opposition, and Defendant did not file a further reply. For the following reasons, this Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**.

## I.   BACKGROUND

Plaintiff's allegations are as follows. Plaintiff is an inmate at Centinela State Prison. On October 21, 2021, Plaintiff asserts that he applied to be considered for the

Male Community Re-entry Program ("MCRP").[1] ECF No. 1 at 3. Plaintiff alleges that he was told that he was not eligible because there was no such program based on his county of last residence. *Id.* Plaintiff alleges that the CDCR chief admitted that he was eligible in other respects but for this reason. *Id.* Plaintiff alleges that this is a violation of his equal protection rights because other inmates had been transferred out under the MCRP and their county of last residence is not a valid reason to make a distinction. *Id.* Further, Plaintiff alleges that he has been transferred to many other states during his prison sentence and it did not make sense for the prison to refuse to transfer him to another county under the MCRP. *Id.* Plaintiff requests that he be permitted to transfer to an MCRP program in San Diego or Los Angeles County, after his earliest parole date of February 13, 2023, and requests damages against Defendant. *Id.* at 7.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 556 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

---

[1] According to the CDCR's website, the MCRP is "a voluntary program for eligible males who have two years or less of their prison sentence left to serve. This allows eligible people committed to state prison to serve the end of their sentences in the community, in lieu of confinement in state prison." https://www.cdcr.ca.gov/rehabilitation/pre-release-community-programs/mcrp/ (last visited May 15, 2023). It is located the following counties: Butte (covering Tehama, Nevada, Colusa, Glenn, Sutter, Place, and Yuba), Kern, Los Angeles, and San Diego. *Id.* One of the "ineligibility criteria" is "[t]he County of Last Legal Residence (CLLR) is not serviced by an MCRP. (An individual must be approved for a transfer of supervision to a county serviced by an MCRP, prior to ICC's review, to become eligible for review." *Id.*

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 557 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 557 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

In addition, factual allegations asserted by *pro se* petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears *pro se* in a civil rights case, the court "must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

### III.   DISCUSSION

Defendant moves to dismiss Plaintiff's equal protection claim. The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A claim may be established in several ways. First, a plaintiff may establish an equal protection claim by showing that he was intentionally discriminated against on the basis of his membership in a protected class. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Second, a plaintiff may establish a claim by showing

that the state is burdening a fundamental right for some persons but not others. *Short v. Brown*, 893 F.3d 671, 679 (9th Cir. 2018). Finally, a plaintiff may also establish a class of one equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Defendant argues that Plaintiff fails to assert a sufficient claim under any of these theories, and after evaluation of the complaint, the Court agrees. First, Plaintiff fails to allege that he was a member of a protected class. His complaint alleges that his "county of last legal residence was not a valid reasons to violate one's right to equal protection." ECF No. 1 at 3. Thus, he appears to be alleging a protected class based on his county of last legal residence for equal protection purposes. While courts have recognized protected classes based on characteristics such as race, gender, alienage, and national origin, county of residence is not a suspect classification that has been recognized under equal protection.[2] *Short*, 893 F.3d at 679.

Second, Plaintiff has failed to allege that Defendant's failure to place him into the MCRP violates a fundamental right. The right to take part of the MCRP system is not a liberty interest that is recognized under the 14th Amendment. *See Patterson v. Cortez*, No. EDCV190907RGKPLA, 2019 WL 3802194, at *4–5 (C.D. Cal. Aug. 13, 2019) (holding that there is no cognizable "liberty interest to be placed into a community correctional facility via the MCRP program" because "in general, prisoners do not have a constitutional right to be housed in any specific facility") (internal quotation marks omitted).

---

[2] Where county of residence been implicated as a violation of equal protection has been in the voter registration context, but those violations are rooted in the second way that an equal protection claim may be shown—by violation of a fundamental right, which includes the right to vote. *See, e.g.*, *O'Brien v. Skinner*, 414 U.S. 524, 530 (1974). The Court will address whether Plaintiff asserts a liberty interest next.

  Finally, Plaintiff also fails to allege a class of one equal protection claim. In order to state a claim under this theory, plaintiff must allege that: (1) he is a member of an identifiable class; (2) plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564. Here, Plaintiff alleges in his complaint that "several inmates had been recently transferred out to [MCRP]." ECF No. 1 at 3. Even assuming Plaintiff has sufficiently alleged that he is a member of an identifiable class (*i.e.*, those inmates whose county of last residence is not one that is serviced by MCRP), his complaint fails to allege that these other inmates were similarly situated—in other words, Plaintiff failed to allege that other inmates who were similarly situated in that their county of last residence was also not serviced by MCRP yet they were placed into the program in an alternate county where MCRP did service. Without such an allegation or basis for such an allegation, Plaintiff fails to sufficiently state a class of one equal protection claim as well. Furthermore, this type of equal protection claim requires Plaintiff to show that Defendant "intentionally" treated Plaintiff differently, and the complaint fails to include any allegation that Defendant intended to treat him differently. *See Gerhart v. Lake County Montana*, 637 F.3d 1013, 1020 (9th Cir. 2011).

  Absent the above showings, Defendant only need show that the government action was rationally related to a legitimate governmental interest. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). This is a highly deferential standard where the governmental action must be upheld as long as "there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993). The MCPC states that it aims to "assist[] participants to successfully reenter the community from prison and contributes to reduced recidivism by using community-based rehabilitative services." https://www.cdcr.ca.gov/rehabilitation/pre-release-community-programs/mcrp/ (last visited May 15, 2023). It achieves this by providing "a range of community-based, rehabilitative services that assist with substance use disorder, mental health care, medical

care, employment, education, housing, family reunification, and social support." *Id.* With the background of the program in mind, placing inmates into this program in the county of their last legal residence is rationally related to the goal of helping the prisoner reenter society and reduce recidivism by releasing them into the community they were last part of and likely to have more family and social support.  Furthermore, as Defendant points out, this requirement is not absolute—Plaintiff could apply for a transfer of supervision to a county that is serviced by MCRP and then could become eligible for review.  Thus, under this highly deferential standard, the state action taken here is rationally related to the interests and goals of the program.

Accordingly, it is **RECOMMENDED** that Plaintiff's Equal Protection claim be **DISMISSED WITH LEAVE TO AMEND**.

Defendant also argues that he is entitled to qualified immunity.  ECF No. 10-1 at 6-7.  However, because the Court has found that Plaintiff failed to state an equal protection claim, the court need not reach any issues regarding qualified immunity at this time.  *See County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998) ("The better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged the deprivation of a constitutional right at all."); *see also* Saucier v. Katz, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").  Thus, at this point in the litigation, it is not necessary to determine if Defendant would be entitled to qualified immunity.

## IV.   CONCLUSION

As outlined herein, the undersigned **RECOMMENDS** Defendants' motion to dismiss be **GRANTED**.  This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **June 2, 2023**, any party to this action may file written objections and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed and served on all parties no later than **June 16, 2023**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  May 16, 2023

Hon. Nita L. Stormes
United States Magistrate Judge